## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BROOKS SAND AND GRAVEL, LLC | ) | CASE NO. 06-30259 |
| | ) | |
| _____ Debtor(s) | ) | |
| | ) | |
| COBALT VENTURES, LLC, et al. | ) | A. P. NO. 06-3158 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA | ) | |
| | ) | |
| _____ Defendants. | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Dismiss of Defendant Bank of America, N.A. ("Bank") and the Response to the Motion to Dismiss of Plaintiffs Cobalt Ventures, LLC and Cobalt Mining, LLC ("Cobalt"). The Court considered the written submissions of the parties and the comments of counsel at the hearing held January 30, 2007. For the following reasons, the Court **GRANTS** the Motion to Dismiss. An Order dismissing this adversary proceeding accompanies this Memorandum-Opinion.

## PROCEDURAL BACKGROUND

On or about February 9, 2006, Smith Mining and Materials, LLC ("Smith") and Brooks Sand and Gravel, LLC ("Brooks") filed Voluntary Petitions seeking relief under Chapter 11 of the United States Bankruptcy Code.

On or about April 21, 2006, J. Bruce Miller was appointed to serve as Trustee in the Smith case and Kenneth C. Henry was appointed as Trustee in the Brooks case. The cases were administratively consolidated in February 2006.

On or about October 4, 2006, this Court entered the Final Order (A) Authorizing Trustee for Smith Mining & Materials, LLC to Obtain Secured Post-Petition Financing With Priority Over All Other Indebtedness, (B) Approving Agreements Relating to the Foregoing; and (C) Granting Related Relief ("the Final Financing Order"). Under this Order, Bank of America and the Trustee in the Smith case established a post-petition financing scheme under which the Bank made advances to the Trustee to fund post-petition cure payments under certain leases, to secure the premises owned by Smith and to pay for fees and expenses of the Trustee's counsel and financial advisor.

The Final Financing Order was a heavily negotiated document and was properly noticed for objection prior to its entry by the Court. Cobalt filed an objection to the Final Financing Order. A hearing was held on Cobalt's objection and the Court overruled Cobalt's objection. No appeal of the Final Financing Order was filed.

The Final Financing Order contains specific language pertaining to the Smith Trustee's rights to object or challenge the validity, extent or priority of the pre-petition liens of the Bank, as well as to the validity and allowability or status of the pre-petition indebtedness. See, paragraph 29 of the Order, Docket No. 400.

The Final Financing Order specifically states,

Unless such an objection or challenge is made within such period, all such objections and challenges by any entity shall be forever waived and (i) the Pre-Petition Liens of the Lender in the Pre-Petition Collateral shall be deemed and determined to be valid, perfected and enforceable first liens and security interests, and (ii) the Pre-Petition Indebtedness shall be deemed and determined to be legal, valid and binding obligations of each of Debtor Smith and Debtor Brooks, enforceable in accordance

> with its terms (other than in respect to the stay of enforcement arising from Bankruptcy Code §362), with no offsets, defenses or claims or counterclaims, and no portion of the Pre-Petition Indebtedness shall be subject to avoidance or subordination pursuant to the Bankruptcy Code or applicable non-bankruptcy law.

After investigation, the Smith Trustee chose not to pursue any claims against the Bank.

On or about October 4, 2006, the Court entered an Order Granting Joint Motion to Approve Settlement Between Trustee for the Estate of Brooks Sand and Gravel, LLC and Bank of America, N.A. ("Settlement Order"). Under the Settlement Order, the Brooks' Trustee obtained a $250,000 carve out for the benefit of the estate from the proceeds of the sale of the assets of Brooks which served as the Bank's collateral. The unsecured deficiency claim of the Bank against Brooks was also subordinated.

The Settlement Order was also a heavily negotiated document and was properly noticed for objections prior to its entry by the Court. Cobalt filed an objection to the Settlement Order and a hearing was held on Cobalt's objection. The Court overruled Cobalt's objection and no appeal of the Settlement Order was filed.

The Settlement Order contains similar provisions to paragraph 29 of the Final Financing Order. See, paragraph 9 of the Settlement Order, Docket No. 399, Brooks' bankruptcy Case No. 06-30259. It contains the same language regarding waiver of any objections or challenges by any entity unless the Trustee did so within the time frame set forth and that no portion of the pre-petition indebtedness shall be subject to avoidance or subordination. The Bank and the Brooks' Trustee also stipulated that the Bank's pre-petition liens were valid, perfected and unavoidable. The Settlement Order further provided that if the Brooks' Trustee did not make a timely challenge to the pre-petition liens and indebtedness of the Bank, then the Bank was released from any such claims. The Brooks' Trustee did not pursue any claims against the Bank.

3

On or about December 8, 2006, the Court entered an Order granting the Smith Trustee's Motion to Modify the Post-Petition Loan Facility. The Order modified the Final Financing Order to borrow additional funds. It also modified paragraph 29 to allow the Trustee to retain the right to challenge the effectiveness of the amended and restated mortgage to the earliest of three dates: (a) February 9, 2008, (b) the effective date of any plan of reorganization or liquidation of Debtor Smith, or (c) the closing or conversion of Debtor Smith's bankruptcy case. See, Docket No. 480. In all other respects, the terms of the Final Financing Order remained the same.

On or about November 11, 2006, Cobalt initiated this adversary proceeding against the Bank. The Complaint asserted claims against the Bank and on behalf of the estate and seeks avoidance of certain offsets by the Bank, avoidance of the Bank's liens on the Smith property and equitable subordination, avoidance or disallowance of the Bank's liens.

On or about November 11, 2006, Cobalt also filed a Motion for Court Approval for Creditors to Pursue Action on Behalf of the Estate, *Nunc Pro Tunc*. After an evidentiary hearing, the Court denied this Motion. Cobalt has subsequently dismissed all claims in this adversary proceeding brought on behalf of the estate.

## **LEGAL ANALYSIS**

The Bank seeks dismissal of Cobalt's Complaint on the basis that Cobalt lacks standing to bring the claims raised in the Complaint and because the language of the Final Financing Order and the Settlement Order as referenced above bars any such claims. The Court already determined that Cobalt did not have standing to bring any claims pursuant to 11 U.S.C. §544. The Court will not relitigate that issue.

The Court finds merit in the Bank's contentions that the claims raised are barred by the terms of the Final Financing Order and the Settlement Order. The Orders specifically bar challenges to the claims against the Bank concerning the validity of the Bank's pre-petition liens. This language was negotiated by the parties and was part of the entire financing package. These protections were clearly bargained for in connection with the post-petition financing facility. The Final Financing Order was properly noticed for objection and the Court held a lengthy hearing on Cobalt's objections. No appeal was filed. The Court finds this scenario similar to what the Sixth Circuit approved in In re Ellingsen, 834 F.2d 599 (6th Cir. 1987). To hold otherwise would further discourage lenders to provide much needed financing for distressed debtors.

The Final Financing Order and the Settlement Order each prohibited challenges to the Bank's claims or liens in the bankruptcy by any entity, provided no timely challenges to the liens were raised by the Trustee. The binding language in both Orders is *res judicata* precluding Cobalt's current action. See, In re Medomack Canning, Inc., 922 F.2d 825, 901-03 (1st Cir. 1990). The language of the Orders at issue in this is broader than the one discussed in Medomack, in that the Orders herein specifically state that they apply to entities other than the Trustee. The Orders were properly noticed for objections and Cobalt's objections were considered by the Court and rejected. There is no reason to relitigate these issues.

Cobalt contends that it is appropriate to challenge the Orders because neither was a final order. The Court disagrees. Finality in bankruptcy is viewed in a more pragmatic and less technical way than in other contexts. In re Dow Corning, 86 F.3d 482, 488 (6th Cir. 1996). The Sixth Circuit states that the test to determine if an order of a bankruptcy court is final is whether the order "finally disposes of discreet disputes within the larger bankruptcy case." Id., 86 F.3d at 488. Courts may

also consider whether the order "conclusively determines a separable dispute over a creditor's claim or priority." In re Saco Local Development Corp., 711 F.2d 441, 446-47 (1st Cir. 1983).

The Final Financing Order and the Settlement Order clearly resolved the status of the Bank's claims and liens and any challenges thereto. They left nothing further for the Court to do with respect to those claims. The Financing Order was styled a "final order" and the other as a "settlement order". The very style of the Orders indicates that they are conclusively dealing with discreet disputes within the bankruptcy case. Cobalt was given its opportunity to object and have its objections heard by this Court. Its remedy after this Court's rulings on those objections was to appeal those rulings to the District Court. No appeal was prosecuted. Cobalt's collateral attacks on both the Final Financing Order and the Settlement Order is without merit.

Cobalt contends that the modification to the Final Financing Order in December of 2006, prevents any issue regarding claims against the Bank from being finally resolved. The modification, however, only reserved for the Trustee the right to challenge the effectiveness of the amended and restated mortgage to a limited time in the future. It did not preserve claims against the Bank for any entity other than the estate. In all other respect, including the finality of the order as it applied to parties other than the Trustee, it remained unchanged.

Finally, Cobalt contends that its adversary proceeding is valid as a challenge to a claim under 11 U.S.C. §502(a) because Bank of America has not yet filed a proof of claim. Under Rule 3003(c), only those creditors whose claim is not scheduled or is scheduled as disputed, contingent or unliquidated are required to file a proof of claim. In the Brooks' case, Bank of America is listed as a secured claim whose claim is neither contingent, unliquidated or disputed. Thus, the Bank cannot be prejudiced by its failure to file a formal proof of claim.

6

In the Smith case, the Bank's claim is listed as disputed.  However, the filings throughout this case clearly meet the requirements of an informal proof of claim as set forth in In re MJ Waterman & Assoc., Inc., 227 F.3d 604, 608 (6th Cir. 2000).  Clearly, all parties to this case had notice of the Bank's claim, the nature of the claim, the amount and the Bank's intent to hold the Debtor's estate liable on the claim.  The claim was clearly settled pursuant to the Settlement Order and the Final Financing Order.  It would be a waste of judicial resources to relitigate these issues that were finally decided by the Final Financing Order and the Settlement Order.  Accordingly, the Complaint of Cobalt must be dismissed.

<u>**CONCLUSION**</u>

For all of the above reasons, the Motion to Dismiss of Defendant Bank of America, N.A. is **GRANTED**.  An Order incorporating the findings herein and dismissing this adversary proceeding accompanies this Memorandum-Opinion.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BROOKS SAND AND GRAVEL, LLC | ) | CASE NO.  06-30259 |
| | ) | |
| _____ Debtor(s) | ) | |
| | ) | |
| COBALT VENTURES, LLC, et al. | ) | A. P. NO. 06-3158 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA | ) | |
| | ) | |
| _____ Defendants. | ) | |

**<u>ORDER</u>**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss of Defendant Bank of America, N.A., be and hereby is, **GRANTED**.  This adversary proceeding is dismissed with prejudice.

This is a final and appealable Order and there is no just reason for delay.