UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BROOKS SAND AND GRAVEL, LLC | ) | CASE NO.  06-30259(1)(11) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| COBALT VENTURES, LLC | ) | A. P. NO. 06-3158 |
| COBALT MINING, LLC | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Sanctions by Defendant Bank of America, N.A. ("Bank of America") against Cobalt Mining, LLC and Cobalt Ventures, LLC ("Cobalt"). The Court considered the Motion, the Response of Cobalt to the Motion, the Reply of Bank of America and the arguments of counsel at the hearing held March 27, 2007. For the following reasons, the Court **DENIES** the Motion. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

## PROCEDURAL BACKGROUND

The procedural background of this matter is set forth in the parties' filings and the Court's Memorandum-Opinion entered February 13, 2007.

## LEGAL ANALYSIS

Bank of America seeks sanctions against Cobalt pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure for filing this adversary proceeding and filing the Motion to Reconsider the Court's Memorandum-Opinion and Order dismissing the adversary proceeding entered February 13, 2007. Bank of America contends Cobalt's actions are meritless and constitute impermissible collateral attacks on prior Orders of this Court.

Rule 9011(b) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part,

By presenting to the court . . . a pleading, written motion or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
(1) is not being presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

. . . . .

The test is whether an argument advanced is not well-grounded in fact or warranted by existing law or a good faith argument for the extension or modification or reversal of existing law. In re Downs, 103 F.3d 472, 481 (6th Cir. 1996). In determining whether to impose sanctions, the Court must consider whether the individual's conduct was reasonable under the circumstances. In re Fordu, 201 F.3d 693 (6th Cir. 1999).

Bank of America claims that by filing the Complaint after denial of the Standing Motion, Cobalt violated Rule 9011(b). Bank of America further states that the filing of the Motion to Reconsider this Court's Order dismissing the Complaint continued the sanctionable conduct of Cobalt. Although the Court believes the issues addressed in the adversary proceeding were finally

decided by the Final Financing Order and the Settlement Order, the Court finds that Cobalt's actions do not warrant the imposition of sanctions.

At each stage of the proceeding leading up to and including the dismissal of the Complaint, the Court carefully considered each of the serious arguments advanced by Cobalt and Bank of America. The hearing on Bank of America's Motion to Dismiss was lengthy and the Court undertook an extensive analysis of the claims raised by both parties. This was not a situation that was so clear cut that the Court was willing to summarily dismiss the Complaint from the bench as frivolous. The Court was unwilling to take the parties' contentions at face value, but rather had to conduct its own research and analysis before ultimately determining that dismissal was appropriate.

The Court is well aware of Bank of America's frustration in having to defend itself from the claims raised by Cobalt. The matter at bar, however, is not similar to that presented in In re Ballato, 183 B.R. 955 (Bankr. M.D. Fla. 1995), where the sanctionable conduct involved the filing of 19 motions concerning the same issue. Considering the totality of the circumstances presented and the fact that the deadline for appealing the Court's Order dismissing the adversary proceeding has not yet run, the Court is unwilling to award sanctions at this stage. It should be clear, however, to all parties that this Court has completed its review of the issues raised in the adversary proceeding. Any further litigation on the issues already considered will have to occur before another court.

## **CONCLUSION**

For all of the above reasons, the Motion for Sanctions of Bank of America is **DENIED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BROOKS SAND AND GRAVEL, LLC | ) | CASE NO.  06-30259(1)(11) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| COBALT VENTURES, LLC | ) | A. P. NO. 06-3158 |
| COBALT MINING, LLC | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Sanctions of Bank of America against Cobalt Mining, LLC and Cobalt Ventures, LLC, be and hereby is, **DENIED.**